IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CAMILLE BELL, | ) | 8:14CV227 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DALE E. BROWN, KELLY RIPPEN, | ) | |
| and MID-PLAINS COMMUNITY | ) | |
| COLLEGE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Camille Bell ("Plaintiff") filed her Complaint in this matter on August 4, 2014. (Filing No. 1.) The court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  SUMMARY OF COMPLAINT

Plaintiff filed her Complaint against Mid-Plains Community College, Dale Brown, and Kelly Rippen. Plaintiff alleged Brown is the director of enrollment at the college and Rippen is the dean of enrollment. Plaintiff alleged Brown denied her request for "regular financial aid" and "provisional summer aid" because she was "flagged as a student for having gone to many colleges prior." (Filing No. 1 at CM/ECF p. 4.) Plaintiff attempted to contact Rippen to discuss the matter, but Rippen did not return Plaintiff's call. As relief, Plaintiff seeks $6,744.75 for, among other things, the cost of a course for which she did not receive financial aid. (Id. at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failure to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citation omitted).

## III. DISCUSSION OF CLAIMS

In evaluating Plaintiff's claims, the court must determine whether subject-matter jurisdiction is proper. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Furthermore, the plaintiff must sufficiently state a claim for relief that contains "a short and plain statement

of the grounds for the court's jurisdiction, unless the court has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Here, Plaintiff alleged a "[v]iolation of civil rights." (*See* Filing No. 1 at CM/ECF p. 6.) However, as discussed below, the court cannot determine whether jurisdiction is proper based on the information set forth in the Complaint.

### A. Diversity of Citizenship Jurisdiction

Subject-matter jurisdiction may be proper in federal court pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

Here, Plaintiff has provided a Georgia address for herself and a Nebraska address for Defendants. Thus, the citizens are diverse. However, the amount in controversy set forth in the Complaint is not greater than $75,000.00. Thus, subject-matter jurisdiction is not proper pursuant to 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction

Subject-matter jurisdiction is also proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). The mere suggestion of a federal question is not sufficient to establish

3

the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990). Under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Courts have held that a private party's actions can be considered state action, or actions under color of state law, if the private party is a willful participant in joint activity with the State to deny constitutional rights. *See Magee v. Tr. of Hamline Univ, Minn.*, 747 F.3d 532, 536 (8th Cir. 2014).

While Plaintiff asserts a claim that Defendants have violated her civil rights, the Complaint lacks any indication that Defendants are state actors. Moreover, even construing the Complaint liberally, it simply does not contain allegations reasonably suggesting Defendants violated a federal statute. Accordingly, Plaintiff's allegations do not establish that federal question jurisdiction exists in this matter. However, on the court's own motion, Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth the grounds for this court's jurisdiction. Accordingly,

IT IS ORDERED:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to amend her Complaint to set forth a short and plain statement of the grounds for the court's jurisdiction. Failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this matter without further notice to Plaintiff.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: January 9, 2015: deadline for Plaintiff to amend.

4. Plaintiff must keep the court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

DATED this 8th day of December, 2014.

                                BY THE COURT:

                                s/Laurie Smith Camp
                                Chief United States District Judge